RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0177p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SHASE HOWSE,

*Plaintiff-Appellant*,

*v.*

THOMAS HODOUS and BRIAN MIDDAUGH, individually
and in their official capacities as employees of the
City of Cleveland, Ohio; CITY OF CLEVELAND, OHIO,

*Defendants-Appellees*.

No. 19-3418

On Petition for Reharing En Banc
United States District Court for the Northern District of Ohio at Cleveland.
No. 1:17-cv-01714—Donald C. Nugent, District Judge.

Decided and Filed:  June 8, 2020

COLE, Chief Judge; COOK and THAPAR, Circuit Judges.

_____

## COUNSEL

**ON PETITION FOR REHEARING EN BANC:**  Christopher Kemmitt, NAACP LEGAL
DEFENSE AND EDUCATIONAL FUND, INC., Washington, D.C., James L. Hardiman,
Cleveland, Ohio, for Appellant.  **ON RESPONSE:**  Elena N. Boop, CITY OF CLEVELAND,
Cleveland, Ohio, for Appellees Hodous and Middaugh.  Timothy J. Puin, CITY OF
CLEVELAND, Cleveland, Ohio, for Appellee City of Cleveland

The panel delivered an order.  GIBBONS, J. (pg. 3), delivered a separate dissenting
opinion in which COLE, C.J., and WHITE, J., joined.

---

**ORDER**

---

The court received a petition for rehearing en banc. The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision. The petition then was circulated to the full court. Less than a majority of the judges voted in favor of rehearing en banc.

Therefore, the petition is denied.

ENTERED BY ORDER OF THE COURT

_____

Deborah L. Hunt, Clerk

_____

**DISSENT**

_____

GIBBONS, Circuit Judge, dissenting.  I respectfully dissent from the court's denial of *en banc* rehearing.  The panel's holding with respect to malicious prosecution claims, which adopts a one-size-fits-all approach to false arrest and malicious prosecution, is a precedent-setting error of exceptional public importance.  It is at odds with Supreme Court precedent, *see Wallace v. Kato*, 549 U.S. 384, 390 (2007) (describing the claims as "entirely distinct"), and our precedents, *see, e.g.*, *Jacobs v. Alam*, 915 F.3d 1028, 1042–43 (6th Cir. 2019) (same).  And it fails to engage with the many compelling reasons offered by our sister circuits for declining to adopt such an approach.  *See, e.g.*, *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007).

But I dissent for a second reason.  In qualified immunity cases, we have long held that a plaintiff's right must be defined with careful attention to the "specific factual circumstances" of the case.  *Schulkers v. Kammer*, 955 F.3d 520, 533 (6th Cir. 2020).  And yet, in framing Shase Howse's right in this case, the panel fails to account for his suspected criminality (none), location (home), or conduct (truthfully answering questions).

We are often confronted with troubling allegations of official misconduct that result in no liability because the plaintiff defines his perceived right too generally.  While these difficult cases frequently raise grounds for reasonable disagreement—and rarely warrant *en banc* rehearing—our cases are unanimous in holding that a plaintiff's right must be carefully defined.  When we depart from this well-accepted requirement, we erode one of the greatest sources of confidence in the judiciary:  the consistency of our jurisprudence.